DISABILITY RIGHTS ADVOCATES
SID WOLINSKY (SBN 33716)
swolinsky@dralegal.org
MARY-LEE SMITH (SBN 239086)
msmith@dralegal.org
2001 Center Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Fax: (510) 665-8511; TTY: (510) 665-8716

DISABILITY RIGHTS LEGAL CENTER
PAULA PEARLMAN (SBN 109038)
Paula.pearlman@lls.edu
SHAWNA L. PARKS (SBN 208301)
Shawna.parks@lls.edu
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-1031
Fax: (213) 736-1428; TTY: (213) 736-8310
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a nonprofit corporation, and AUDREY HARTHORN, an individual, on behalf of themselves and ALL OTHERS SIMILARLY SITUATED,<br><br>                              Plaintiffs,<br>v.<br><br>CITY OF LOS ANGELES, a public entity, and COUNTY OF LOS ANGELES, a public entity,<br>                              Defendants. | **Case No.: CV 09-0287 CBM (RZx)**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' BRIEF RE EXPERT SELECTION**<br><br>Action Filed:  January 14, 2009<br>Judge:  Hon. Consuelo B. Marshall |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

## I.     Introduction

This Court granted Plaintiffs' Motion for Summary Adjudication as to the City of Los Angeles' ("the City") liability and ordered Plaintiffs and the City to meet and confer so as to "fashion a proposal to the Court for injunctive relief." Dkt No. 140, p. 31.  The Parties have worked together and agreed in concept to the following process-based remedy:  the City will retain (at its own expense) an expert with demonstrated knowledge and experience in addressing the needs of persons with disabilities during emergencies.  This expert will evaluate the City's current plans and develop revised emergency plans as to all components of the City's emergency preparedness program so as to address the needs of persons with disabilities.[1]  As the City's plans are revised, the expert will oversee and monitor the City's adoption and implementation of such plans.

Plaintiffs have proposed that the City retain June Kailes, a well-respected and nationally recognized expert on the needs of people with disabilities in the context of emergency preparedness.  However, the City has remained committed to hiring a Texas-based organization known as BCFS as the expert.  Plaintiffs are concerned that BCFS on its own (1) does not have sufficient disability background, (2) lacks the requisite qualifications in the wide range of emergency planning areas at issue in this case, and (3) lacks connections and credibility with the disability community in Los Angeles (i.e. the class members in this case).  In the spirit of cooperation, however, Plaintiffs have proposed a compromise:  <u>that the City hire BCFS on the condition that BCFS will subcontract with June Kailes to serve as a subject matter expert on disability.</u>  The City rejected this compromise. Smith Decl. at ¶¶ 3-4.  Plaintiffs now submit this compromise for consideration by the Court.[2]

---

[1] This expert is not intended to be a "court-appointed" expert witness, pursuant to Federal Rule of Evidence 706, in which the witness would offer opinions in trial setting.  Nor is the expert intended to be a master, pursuant to Federal Rule of Civil Procedure 53, in which the master would take on investigative or enforcement duties.  Rather, the expert in this case will be given the authority by both parties to formulate the substantive remedy.

[2] Plaintiffs have no objection if the Court, after reviewing Ms. Kailes' qualifications, prefers to select Ms. Kailes as the sole expert in the remedy phase of this proceeding.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

**II.   BCFS Can Serve As An Expert If It Subcontracts With June Kailes For Disability Expertise.**

    **A.   <u>Ms. Kailes' Has Extensive Expertise and Experience Regarding the Needs of People with Disabilities in Emergency Preparedness.</u>**

Ms. Kailes is a nationally recognized expert in the disability field. *See e.g.*, Smith Decl., Ex. C (Kailes' Letter of Reference). She has served locally, as Executive Director of Westside Center for Independent Living (based in Los Angeles), and nationally, as a member and then Chair of the Access Board (an independent Federal agency which provides federal guidelines for accessibility). *Id.*, Ex B (Kailes' Curriculum Vitae).  In addition, Ms. Kailes has extensive contacts and credibility with the disability community.  She has worked with national and state level disability advocacy groups and, perhaps most importantly, over 30 independent living centers, many based in Southern California. *Id.*, Ex. B.

Ms. Kailes began working on emergency preparedness issues for persons with disabilities in the early 1980s.  In this context, Ms. Kailes has worked extensively with the State of California and is familiar with the emergency preparedness framework for the State. *Id.*, Ex. B.  Ms. Kailes has also worked with numerous federal agencies, including the Federal Emergency Management Agency (FEMA). *Id.*, Ex. B.  Ms. Kailes' experience also extends to localities such as the City of Oakland, for which she developed an emergency plan for persons with disabilities.  *Id.*, Ex. B.  This work on within the state of California will be vital to any expert serving on this project, since the state is a key player in any emergency response.

    **B.   <u>The Fact that Ms. Kailes' Served as Plaintiffs' Expert Should Not Disqualify Her From This Project Given Her Unique Qualifications.</u>**

Ms. Kailes resides locally and is very familiar with the City of Los Angeles' emergency plans.  Indeed because Ms. Kailes served as Plaintiffs' litigation expert in this matter, Kailes has already reviewed many of the City's emergency plans.  The City

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

may argue that Ms. Kailes is not "independent" precisely because she served as Plaintiffs' litigation expert.  However, Ms. Kailes can effectively function as an expert in the remedial phase of this matter.  Ms. Kailes' findings in the case are not biased in that they are consistent with the Court's finding that the City of Los Angeles' emergency plans are deficient.  Her role as an expert in the remedy phase will not be controlled or influenced by Plaintiffs because, per the parties' conceptual agreement, the experts will work directly with City employees. *See* Dkt. No.153; *see also* Smith Decl., Ex. A (Kailes' Letter of Interest).  The primary ongoing contact she will have with Plaintiffs' counsel is through the reporting to both Parties and the Court.  In addition, under Plaintiffs' proposal, the City's concerns about bias are unfounded given that Kailes welcomes the opportunity to be one member of a team headed by BCFS, the City's choice for an expert.  The reality is that there are few experts as well-qualified as Kailes and her expertise and experience should not be disregarded if the City is committed to creating a model emergency preparedness program for persons with disabilities.

### C.   BCFS Does Not Have Demonstrated Expertise in Planning for the Needs of Persons with Disabilities on the Wide Range of Emergency Issues Addressed By This Case.

Although, BCFS has experience in emergency management, Plaintiffs have several concerns about BCFS serving as the sole expert.  First, BCFS does not have sufficient disability expertise and experience.  BCFS does not come from a disability background, and is relatively new to the issue of inclusion of people with disabilities in emergency planning.  None of its executive team, for instance, appears to have any previous experience with the needs of persons with disabilities.[3]  *Id.* at ¶ 10, Ex. D.  It was not until BCFS's recent contract with FEMA to work on the 2010 Functional Needs Support Services guidance, which provides information about how to serve persons with

---

[3] While BCFS has experience with "medical needs" shelters, such shelters are not intended for persons with disabilities, and rather have been used for "warehousing" persons with disabilities during emergencies because general population shelters could not accommodate them.

1    "functional needs" in emergency shelters that BCFS first engaged fully in disability

2    issues.[4] *Id.*, Ex. E.

3            More importantly, to the extent BCFS has any disability expertise, it is only with

4    regard to emergency shelters, which is but one component of emergency planning.

5    BCFS has no demonstrated knowledge or experience as to the other components of an

6    emergency preparedness program for persons with disabilities which this Court found to

7    be essential. Dkt No. 140, p. 3-4.  For instance, among other deficiencies, BCFS has no

8    known experience with issues of sheltering in place for persons with disabilities,

9    providing notification to persons with disabilities before and during emergencies,

10   assisting persons with disabilities with evacuating or, most importantly, reaching out to

11   and involving the disability community in the development of emergency plans. Smith

12   Decl. ¶ 12.

13           In addition, BCFS is based in Texas and thus, does not have pre-existing

14   relationships with the Los Angeles disability community.  Nor, as discussed above, does

15   BCFS have a history of commitment to disability issues.  As a result, BCFS will likely

16   lack connections and credibility with the disability community, making it more difficult

17   to involve the community, and assure the community that the process is legitimate and

18   that it will adequately represent their needs. Smith Decl. ¶ 13.

19   **III.   The Pairing of BCFS with Ms. Kailes Can Be Efficient and Cost Effective.**

20           As noted above, Plaintiffs would agree to the City retaining BCFS as the expert

21   during this remedial phase but only on the condition that BCFS then subcontract with

22   Ms. Kailes to provide disability expertise which BCFS lacks.  This will not be the

23   equivalent of two experts, representing two different parties.  Rather there will be one

24   organization with a team of individuals who will serve as the expert conditioned on that

25   team including Ms. Kailes.  Nor will this be a case of Ms. Kailes reviewing the work

26   done after the fact, as this could be highly inefficient.  Rather Ms. Kailes will provide

27
[4] BCFS was not the sole author of the FNSS guidance.  As Kailes notes in her letter of interest,
28   she, along with others also worked on the FNSS guidance. Smith Decl., Ex A.___

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204

real-time input.

The City may argue that requiring BCFS to subcontract with June Kailes will be cost-prohibitive. However, as a practical matter, Plaintiffs are not asking that Kailes be hired full-time. Instead, her role would be limited in that she would provide high level expertise from the disability perspective. Moreover, the City also has had the option of hiring an expert that has disability expertise in all areas of emergency preparedness, thus obviating the need for a separate consultant on the issue. However, it chose not to do so.[5]

## IV.   The City's Backup Expert, Elizabeth Davis, Is An Expert for Another Defendant in this Matter and Presents Similar Concerns.

Plaintiffs have similar concerns with regard to Elizabeth Davis. Ms. Davis is currently serving as the County of Los Angeles' expert in drafting its emergency plans for persons with disabilities. However, even in this role, Plaintiffs and the County reached a compromise in which the County would pay for June Kailes to review the work completed by the County. Smith Decl., Ex. F (Interim Agreement between County and Plaintiffs). In addition, Ms. Davis is not local either but based in New York, which presents the same problems of credibility and contacts with the disability community in Los Angeles. Finally, Ms. Davis is serving as the expert to one of the defendants in this litigation (not as an independent expert). However, unlike Plaintiffs' proposal which would have Ms. Kailes as a member of a larger team, the City is proposing Ms. Davis work alone without any check as to possible bias against Plaintiffs.

## V.   Conclusion

The City has been held liable for violating four civil rights statutes. Any remedy must ensure that those violations are properly corrected. For this reason, Plaintiffs respectfully request that this Court select as the expert for the remedy phase, BCFS with June Kailes as a subcontractor to provide disability expertise.

---

[5] Despite requests by Plaintiffs to discuss the financial resources of the City to hire an expert, the City has provided no information as to what it is prepared to pay, and as of the last meet and confer, had also not discussed the issue of cost with BCFS. *See* Smith Decl. ¶ 5.

1    DATED: July 29, 2011                    Respectfully submitted,

2                                            DISABILITY RIGHTS ADVOCATES

3                                            DISABILITY RIGHTS LEGAL CENTER

4

5                                            _____/s/_____

6                                            Mary-Lee K. Smith
                                             Attorneys for Plaintiffs

7

8

9

10

11

12

13   \\Server\cases\CALIF.LA\Pleadings\Briefing_Expert_FINAL.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204