DISABILITY RIGHTS ADVOCATES
SID WOLINSKY (SBN 33716)
swolinsky@dralegal.org
MARY-LEE SMITH (SBN 239086)
msmith@dralegal.org
2001 Center Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Fax: (510) 665-8511; TTY: (510) 665-8716

DISABILITY RIGHTS LEGAL CENTER
PAULA PEARLMAN (SBN 109038)
Paula.pearlman@lls.edu
SHAWNA L. PARKS (SBN 208301)
Shawna.parks@lls.edu
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-1031
Fax: (213) 736-1428; TTY: (213) 736-8310
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a nonprofit corporation, and AUDREY HARTHORN, an individual, on behalf of themselves and ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a public entity, and COUNTY OF LOS ANGELES, a public entity,<br>　　　　　　　　　Defendants. | **Case No.: CV 09-0287 CBM (RZx)**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MARY-LEE K. SMITH IN SUPPORT OF PLAINTIFFS' BRIEF RE EXPERT SELECTION**<br><br>Action Filed: January 14, 2009<br>Judge: Hon. Consuelo B. Marshall |

# DECLARATION OF MARY-LEE SMITH

I, Mary-Lee Kimber Smith, declare:

1. I am an attorney admitted to practice before federal courts in the Northern District of California, the Central District of California and the Ninth Circuit U.S. Court of Appeals. I am a staff attorney at Disability Rights Advocates and one of the attorneys of record for Plaintiffs herein. The facts stated below are based on my own personal knowledge, and if called as a witness I could and would testify competently to them.

2. I file this declaration in support of Plaintiffs' Brief Re Expert Selection.

3. I met and conferred on numerous occasions with counsel for the City of Los Angeles on this issue. During our most recent meet and confer, I proposed that the City retain BCFS to perform the work required in this matter, but that BCFS retain June Kailes as a subcontractor on disability issues. I explained that BCFS is new to disability matters with respect to emergency preparedness and lacks contacts in the Los Angeles disability community, among other issues which are outlined in Plaintiffs' brief. I further explained that a critical component of the remedial phase of this case will be the incorporation of community input. As a result, the expert selected in this matter will need to have credibility among the disability community, including both individuals with disabilities and leading disability organizations.

4. However, in light of the fact that the City and its emergency management employees appear to be extremely comfortable with BCFS, which is another important component of a successful process, Plaintiffs proposed a compromise that we believed would satisfy all requirements for this project. Namely, Plaintiffs proposed that the City retain BCFS, but require that BCFS retain Ms. Kailes as one of its subcontractors. Our understanding from the City is that BCFS intends to put together a team of people to work on this project. Plaintiffs' proposal was that Ms. Kailes be one part of that team. Defendants rejected this proposal.

5. Also during our meet and confers I requested information from the City as to any financial parameters for this project, and also information as to whether the City had discussed finances or cost of this project with BCFS. As of my last discussion with counsel for the City on this matter, I was informed that the City has not discussed the matter of cost with BCFS and does not have a cost estimate.

6. Plaintiffs' counsel requested that June Kailes prepare a letter for the Court and Parties stating her interest in working on this project. As part of that we requested she provide what information she could as to cost. That information is contained in her letter, but is limited given that Plaintiffs have been unable able to obtain any information from the City on this issue.

7. Attached hereto as **Exhibit A** is a true and correct copy of a letter from June Kailes expressing her interest in serving as an expert in the remedial phase of this proceeding.

8. Attached hereto as **Exhibit B** is a true and correct copy of the curriculum vitae of June Kailes.

9. Attached hereto as **Exhibit C** is a true and correct copy of a letter of reference for June Kailes from William Vogel of the California Department of Social Services.

10. None of BCFS's executive team appear to have any previous experience with the needs of persons with disabilities (other than the recent drafting of the Functional Needs Support Services in General Populations guidance for FEMA – see below). While some individuals have experience with "medical needs" shelters, such shelters in Plaintiffs' counsel's experience are not intended for persons with disabilities, and rather have been used for "warehousing" persons with disabilities during emergencies because general population shelters could not accommodate them. Attached hereto as **Exhibit D** is a true and correct copy of the biographical information

---

*CALIF, et al., v. City and County of Los Angeles,* **Case No.: CV 09-0287 CBM (RZx)**
**DECLARATION OF MARY-LEE K. SMITH IN SUPPORT OF PLAINTIFFS' BRIEFING RE EXPERT SELECTION**                                                                                                           2

1  of BCFS' Emergency Services Division Executive Team as found at
2  http://www.bcfs.net/netcommunity/page.aspx?pid=1377, last visited July 29, 2011.

3       11.   FEMA recently contracted with BCFS to work on the 2010 Functional
4  Needs Support Services (FNSS) guidance, which provides information about how to
5  serve persons with "functional needs" in emergency shelters that BCFS first engaged
6  fully in disability issues.  Attached hereto as **Exhibit E** is a true and correct copy of the
7  Texas Emergency Management Online publication from 2011 which describes BCFS's
8  work with FEMA on the FNSS guidance as found at
9  http://www.txdps.state.tx.us/dem/temo/archives/2011/Vol58No3/articles/article4.htm,
10 last visited July 29, 2011.

11      12.   In addition, any disability expertise that BCFS may have is limited to
12 emergency sheltering.  I have searched BCFS's website for other emergency
13 preparedness services that they may offer persons with disabilities.  I found no services
14 with regard to sheltering in place for persons with disabilities, providing notification to
15 persons with disabilities before and during emergencies, assisting persons with
16 disabilities with evacuating or, most importantly, reaching out to and involving the
17 disability community in the development of emergency plans.

18      13.   Plaintiffs' counsel works extensively with the Los Angeles' disability
19 community and knows that a commitment to and history of work on disability issues is
20 important to the members of this community.  BCFS is based in Texas and has limited
21 experience with disability issues.  As a result, BCFS will likely lack connections and
22 credibility with the disability community, making it more difficult to involve the
23 community, and assure the community that the process is legitimate and that it will
24 adequately represent their needs.

25      14.   Attached hereto as **Exhibit F** is a true and correct copy of the Court's Order
26 granting a stay in litigation with the County and approving the Interim Agreement
27 between the County and Plaintiffs (which is attached as Exhibit A to the Order).  The
28

Interim Agreement explains that June Kailes will serve as Plaintiffs' expert to review the work of Elizabeth Davis, Defendant County's expert.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 29th day of July 2011.

_____/s/_____

Mary-Lee Kimber Smith

\\Server\cases\CALIF.LA\Pleadings\Smith_Decl_Briefing_Expert_FINAL.doc