# EXHIBIT A



2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
www.dralegal.org

**BOARD OF DIRECTORS**
William F. Alderman
*Orrick, Herrington & Sutcliffe LLP*
Leslie Aoyama
*Nordstrom Inc.*
Mark A. Chavez
*Chavez & Gertler LLP*
Linda Dardarian
*Goldstein, Demchak, Baller, Borgen & Dardarian*
Lucy Lee Helm
*Starbucks Coffee Company*
Pat Kirkpatrick
*Fundraising Consultant*
Joshua Konecky
*Schneider Wallace Cottrell Brayton Konecky LLP*
Janice L. Lehrer-Stein
*Consultant*
Bonnie Lewkowicz
*Access Northern California*
Jessica Lorenz
*Independent Living Resource Center San Francisco*
Laurence Paradis
*Disability Rights Advocates*
Eugene Alfred Pinover
*Willkie Farr & Gallagher LLP*
Cristina Rubke
*Shartsis Friese LLP*
Fernando M. Torres-Gil, Ph.D.
*University of Calif. Los Angeles*

**DRA STAFF**
Christine Chuang
*Staff Attorney*
Zack Duffly
*Yale Initiative for Public Interest Law Fellow*
Ronald Elsberry
*Managing Attorney*
Kara Janssen
*John W. Carson / LD Access Fellow*
Kevin Knestrick
*Supervising Staff Attorney*
Elizabeth Leonard
*Penn Law Public Interest Fellow*
Anna Levine
*Staff Attorney*
Michael Nunez
*DRA Fellow*
Laurence Paradis
*Executive Dir. and Co-Director of Litigation*
Shawna Parks
*Co-Director of Litigation*
Julia Pinover
*Staff Attorney*
Stuart Seaborn
*Staff Attorney*
Mary-Lee Kimber Smith
*Managing Attorney*
Rebecca Williford
*Staff Attorney*
Sid Wolinsky
*Director of Litigation*

**ADVISORY BOARD**
Ben Foss
*Headstrong Nation*
Joseph Cotchett
*Cotchett, Pitre & McCarthy*
Hon. Joseph Grodin
*Retired Justice, Calif. Supreme Court*
Kathleen Hallberg
*Ziffren, Brittenham & Branca*
Karen Kaplowitz
*New Ellis Group*
Hon. Charles Renfrew
*Retired, United States District Judge*
Margaret R. Roisman
*Roisman Henel LLP*
Guy T. Saperstein
Todd Schneider
*Schneider Wallace Cottrell Brayton Konecky LLP*
Gerald Uelmen
*Santa Clara University School of Law*

**VIA EMAIL AND U.S. MAIL**

May 14, 2012

Gabriel S. Dermer
Deputy City Attorney
200 N. Main Street, Room 916
Los Angeles, California 90012

**RE: *CALIF et al. v. City and County of Los Angeles* (Case No. CV 09-0287 CBM (RZx)), Meet and Confer re First Bi-Annual Report**

Dear Gabriel:

Plaintiffs are writing to request a formal meet and confer that includes the City Attorneys, BCFS, June Kailes, the Emergency Management Department (EMD), Plaintiffs and Plaintiffs' counsel in the immediate future in order to discuss the City's First Bi-Annual Report re Order re Injunctive Relief ("Report") filed on May 9, 2012. Plaintiffs believe that such a meeting is necessary to ensure that all involved parties are on the same page moving forward.

Plaintiffs are very sincere in their desire to have this framework be effective and efficient for everyone involved, and achieve a result that is in the best interests of the class. However, Plaintiffs are very concerned about the contents of this first report. However, rather than engage in a back and forth between the lawyers, Plaintiffs believe as a first step that we should discuss Plaintiffs' concerns with all relevant actors at the table.

Specifically, Plaintiffs have a number of concerns regarding the timing and substance of the Report:

1. **Timing**: It has been six months since the Injunctive Relief Order ("Order") and the City still does not have a contract with BCFS. This concerns Plaintiffs greatly. The scope of work document anticipates that the first phase of the work will entail development of a project timeline, outlining the planned timeframe of each project phase, critical milestones, and the project completion date. This should have been done months ago. Although the

Order re Injunctive Relief allows the City three years to complete the work, the Court ordered that "the City begin this review and revision without delay, and that it proceed as expeditiously as possible in this process." Order at 2:7-8.

2. **Failure to include June Kailes in the Scope of Work discussion:** To date, there appears to have been only been one conversation between June Kailes and Kerri Tatro of BCFS. The Order requires that BCFS subcontract with Ms. Kailes for the purpose of utilizing her disability expertise. Developing the scope of work without seeking Ms. Kailes' input is counter to the spirit of the Order.

3. **The failure to include the community in the review and revision stage:** The Order clearly states that "[i]n *evaluating and revising* the City's current emergency plans, the expert will, among other tasks . . . meet with other governmental and non-governmental representatives (e.g. . . .representatives of community organizations that represent people with disabilities)." Order at 1:15-19 (emphasis added). That is certainly what Plaintiffs intended and anticipated. However, the Scope of Work document only anticipates communicating with community organizations *after* the revisions to the plans have already been developed. *See* Report, p. 12 ("Upon completion of Phase 2, the Contractor will formulate an effective presentation method to inform stakeholders of the City's emergency plans' revisions….) and ("the Contractor will prepare a presentation to targeted non-operational community stakeholders"). Even these presentations are limited to only two.

4. **Use of term "recommend":** The Scope of Work description repeatedly states that the Contractor will "recommend" changes. *See* Report, p. 9 ("The Contractor will review and *make recommendations* for revision of the City's emergency plans….") and p. 11 ("The Contractor shall review and revise the City emergency plans identified in Exhibit M Part A, and provide a comprehensive gap analysis with *recommended corrective actions* relative to FNSS planning."). The use of this term appears to give EMD final say over the revisions and the ability to disregard the Contractor's recommendations.

5. **Repeated use of the term "FNSS" without emphasis or reference to the needs of people with disabilities:** The scope of work mostly refers to "Functional Needs." However, this term may be over-inclusive and does not address the specific protected class at issue. Throughout the Report, there are general references to FNSS and only one specific reference to disability on page 11 ("The review and revision of the City's emergency plans will be conducted with the desired goal of achieving the development of comprehensive City emergency plans that are inclusionary and integrated to ensure adequate planning for people with disabilities, functional and access needs."). The references to "FNSS" imply that the forthcoming work is not necessarily disability focused. Even the Contractor's main charge is not disability focused. *See* Report, p. 9 ("The Contractor will identify gaps in existing FNSS planning, revise the City's emergency plans to close these FNSS planning gaps while meeting all legislative and legal requirements, *make recommendations* for identification of the necessary resources to achieve solutions… and *make recommendations* for

the implementation of the new FNSS procedures into existing City emergency operations.") (emphasis added).

Plaintiffs would like to set this meeting up in the very near future, before the parties' comments are due on this first report. Please give me a call as soon as possible to discuss scheduling this meeting.

Sincerely,

Shawna Parks

cc: June Kailes (via e-mail)
    Michelle Uzeta (via e-mail)
    Sid Wolinsky (via e-mail)