DISABILITY RIGHTS ADVOCATES
SID WOLINSKY (SBN 33716)
swolinsky@dralegal.org
MARY-LEE SMITH (SBN 239086)
msmith@dralegal.org
2001 Center Street, 4th Floor
Berkeley, CA 94704-1204
Telephone: (510) 665-8644
Fax: (510) 665-8511

MARY C. WICKHAM County Counsel
ROBERT CARTWRIGHT, Assistant County Counsel
ADRIENNE M. BYERS, Principal Deputy County Counsel
(SBN 146022) • abyers@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1885
Facsimile: (213) 687-7337

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a nonprofit corporation, and AUDREY HARTHORN, an individual, on behalf of themselves and ALL OTHERS SIMILARLY SITUATED,<br><br>              Plaintiffs,<br>v.<br><br>CITY OF LOS ANGELES, a public entity, and COUNTY OF LOS ANGELES, a public entity,<br><br>              Defendants. | **Case No. CV 09-0287 CBM (RZx)**<br><br><br>**COMMENTS OF PLAINTIFFS AND COUNTY OF LOS ANGELES RE: MONITOR'S FIFTH PROGRESS REPORT** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1
2
3
4
5
6

Plaintiffs and County of Los Angeles (the "Parties") respectfully provide the fifth progress report (the "Report") submitted by the third-party monitor, Global Vision Consortium (the "Monitor"), dated December 10, 2015, attached hereto as Exhibit A.  The County has continued to make significant progress implementing the terms of the Parties' settlement agreement, which included a Work Plan and Timeline, since the last Progress Report dated July 10, 2015.

7

## I.      PLAINTIFFS' COMMENTS

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Based on the Monitor's Report, Plaintiffs are pleased that the County has continued to actively implement the terms of the settlement and to incorporate the needs of people with disabilities and access and functional needs into its emergency preparedness planning.  Plaintiffs understand that the County is meeting the deadlines set forth in the Work Plan and Timeline and implementation appears to be progressing on track.  Plaintiffs are also pleased that the Monitor found that the County has completed most tasks on time to meet the minimum requirements of the settlement agreement in this reporting period, except for a few tasks outside the County's control, and even in that case, no significant delays occurred.  Report at 2.  The Monitor also notes that the County should be commended for its work in all aspects of accessible mass care and sheltering over the last three years.  *Id.* at 95.  Below, Plaintiffs highlight a few issues mentioned in the Monitor's Report for which Plaintiffs recommend County action prior to the issuance of the Monitor's sixth progress report and/or for which Plaintiffs would like interim updates from the County before the Monitor issues its sixth progress report in this matter.

24

### A.      Drills and Exercises

25
26
27
28

Plaintiffs support the Monitor's broader renewed request to receive written information about and be invited to all significant county drills and exercises where the needs of DAFN communities are part of the drills and exercises so that the Monitor will have sufficient knowledge to determine whether the County has

*HOA.1875320.2*                                                                          **Case No. CV 09-0287 CBM (RZx)**

**COMMENTS RE: MONITOR'S FIFTH                    2
PROGRESS REPORT**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  met its obligations to people with disabilities and access and functional needs in

2  this area under the settlement agreement.  *Id.* at 76.  Plaintiffs understand that the

3  County is still developing the training schedule for this year.  As such, Plaintiffs

4  request that the County provide a list of all known upcoming significant county

5  drills and exercises to the Monitor by February 16, 2016 for the coming year and

6  ensure that the Monitor is invited to attend each of these.  To provide this training

7  schedule any later would undermine the purpose of the trainings and the Monitor's

8  ability to assess them.

9  **B.  Involvement of DAFN Communities**

10  Plaintiffs share the Monitor's ongoing concern regarding the level of

11  participation from DAFN communities in the process of reviewing and updating

12  County's plans.  *Id.* at 36-37.  The Office of Emergency Management ("OEM")

13  has had limited success involving DAFN communities in all aspects of this

14  process.  While DAFN community members attend monthly meetings of the

15  Access and Functional Needs ("AFN") Committee, they have, understandably so,

16  struggled to commit substantial additional time outside of those meetings to review

17  and comment on proposed emergency preparedness plans.  In the Report, the

18  Monitor suggested several approaches for increasing participation from DAFN

19  communities.  These include a variety of tactics for network building to engage the

20  whole community, such as increasing the use of information the County provides

21  via social media, websites, recorded presentations, workshop slide decks with

22  voiceover, and accessible PDF documents.  *Id.* at 97-100.  Plaintiffs agree that

23  receiving and implementing feedback from DAFN community members is

24  absolutely critical for the County to develop plans that serve the needs of people

25  with disabilities and access and functional needs.  This is especially time-sensitive

26  for the Recovery Annex and Evacuation Annex currently under development.  *Id.*

27  at 80, 86, 107-108.  Thus, Plaintiffs support all of the Monitor's suggestions to

28  increase involvement from DAFN communities.  Plaintiffs request that such

HOA.1875320.2                                       **Case No. CV 09-0287 CBM (RZx)**
**COMMENTS RE: MONITOR'S FIFTH          3**
**PROGRESS REPORT**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 suggestions are implemented with sufficient time to be analyzed by and included in

2 the Monitor's sixth progress report.  While Plaintiffs appreciates the County's

3 continued invitation to participate as a DAFN member and assist the County in

4 identifying/recruiting new members, it remains the County's affirmative

5 obligations per the Settlement Agreement to maintain and recruit for the DAFN

6 Committee.

7 **C.    Additional Documentation Needed to Assess Progress**

8 Plaintiffs share the Monitor's concern that additional documentation is

9 needed to assess progress regarding various obligations under the settlement

10 agreement. *Id.* at 3.  The Monitor noted some areas where the AFN Report that the

11 Monitor received painted a positive picture about progress but where the Monitor

12 did not receive documentation needed to verify this progress.  For example, the

13 Monitor has not been able to determine whether the County has worked with 2-1-1

14 to implement best practices for enhancing 2-1-1 services for the DAFN

15 communities in regard to emergency services. *Id.* at 47.  The Monitor notes that

16 receiving adequate documentation on which to base its assessment has been an

17 ongoing issue and that it looks forward to working with the County to resolve this

18 issue of adequate documentation.  Plaintiffs understand that the County is already

19 working with the Monitor to provide additional documentation where needed, and

20 that in some cases the Monitor had inadvertently overlooked some information the

21 County had provided.  As such, Plaintiffs request an update by June 10, 2016 as to

22 the whether the County has provided requested documentation which is needed by

23 the Monitor to provide a comprehensive assessment.

24 **D.    Specific Needs Awareness Planning ("SNAP")**

25 As Plaintiffs have previously noted, Plaintiffs believe the County's

26 reevaluation of SNAP based on concerns regarding registries is appropriate and

27 necessary.  The Report indicates that OEM will issue a final decision regarding

28 SNAP in 2016. *Id.* at 56.  Plaintiffs request an update by June 10, 2016 as to

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

whether the County has made a final decision regarding the status of implementation of an alternative to SNAP and, if no decision has been made, when the County estimates the OEM intends to issue a final decision regarding SNAP.

## II.　　COUNTY'S COMMENTS

### A.　　Drills and Exercises

As of this date, the County does not yet have a Drills and Exercise Calendar or a Training Calendar prepared and ready for release. The documents are currently being developed in conjunction with the Operational Area partners at the Operational Area Advisory Board (OAAB) level per usual protocol. The County will share these documents with the Monitor as soon as they are available as has been the practice in the past. Moreover, County departments do conduct independent trainings, drills and exercises specific to their own departments that do not rise to the level of the OAAB. However, County will reiterate the importance that all of its departments notify the AFN Coordinator of any DAFN-related drills in advance at its Department Heads meeting next month.

### B.　　Involvement of DAFN Communities

County agrees that it has been a challenging task to identify and recruit new members of the DAFN community to participate in reviewing plans and other activities set forth by by the Settlement Agreement/Work plan. The County, however, has continued to make such efforts, including but not limited to one on one meetings between the AFN Coordinator and potential participants; renewed invitations to participate when a staffing change occurs within the organizational structure of community organizations, etc. County notes that the Monitor complimented the County's involvement from stakeholders in putting together the Shelter plan and this was a direct result of continued efforts to engage the DAFN

community..  County renews the invitation extended to Plaintiffs since 2009 to participate as a key DAFN community member, and to assist the County to identify and/or recruit new members.

As to the tactics for engagement mentioned by the Monitor, the County again reviews these in light of its efforts and capabilities and incorporates those that are achievable.  These ongoing adjustments or additions to the County's efforts are reported and provided to the Monitor on an ongoing basis as usual as will be the case with the Recovery and Evacuation Annex development process.

### C.     <u>Additional Documentation Needed to Assess Progress</u>

County has been working diligently with the Monitor regarding the "documentation" issue.  There were instances where County in fact had provided electronic documentation of its activities pursuant to the Settlement Agreement and Work Plan which were inadvertently overlooked by the Monitor.  Those situations were remedied when the AFN Coordinator spoke directly with the Monitor and helped to navigate the materials submitted.  This informal exchange is always helpful and continues whenever is necessary.

However, in some instances the County takes issue with the Monitor's desire for further or deeper levels of documentation that simply are beyond the County's ability to provide and are beyond what is required in the Work Plan, such as the Monitor's recent request for the demographics of each member of the public to whom any preparedness material was distributed by any department during an outreach opportunity.  As to Plaintiffs' reference to 211, the County produced a list of DAFN accessibility issues to be accounted for during negotiation when the contract is up for renewal and this appears to be a concern for the Monitor that simply will not be able to be reviewed until the services contract is renewed and in place.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

On the other hand, in some instances the County is aware of the need to provide further documentation and is working with its various departments to make that happen. .  To address occasional gaps in the information flow between the reporting County department and the AFN county-wide reporting to the Monitor, for example, the County has already added to the agenda for the next Executive Steering Committee meeting (scheduled in February 2016) to again emphasize the need for each department to report in advance when a drill or exercise is scheduled, and also to include DAFN issues in the AAR post event reporting.

DATED:  January 11, 2016          Respectfully submitted,

                                  DISABILITY RIGHTS ADVOCATES

                                          /s/
                                  _____

                                  Mary-Lee Smith
                                  Attorneys for Plaintiffs


                                  MARY C. WICKHAM
                                  COUNTY COUNSEL

                                          /s/
                                  _____

                                  Adrienne M. Byers
                                  Principal Deputy County Counsel
                                  Attorneys for Defendant County of
                                  Los Angeles

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644